UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MIGUEL ANGEL LEON GUILLEN,

Petitioner,

v.

SAMUEL OLSON, WARDEN, DAVID J. VENTURELLA, MARKWAYNE MULLIN, TODD BLANCHE,

Respondents.

CAUSE NO. 3:26cv1405 DRL-SJF

OPINION AND ORDER

Immigration detainee Miguel Angel Leon Guillen, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Pursuant to Section 2254 Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

According to the petition, Mr. Leon Guillen is a citizen and national of El Salvador who came to the United States around 2014 as a child. He alleges he was apprehended upon arrival but was later released. Mr. Leon Guillen reports that on July 21, 2026, he was stopped by state police for an alleged traffic violation and was referred to United States Immigration and Customs Enforcement (ICE) after a records check. He was transferred to Miami Correctional Facility, where he is currently detained.

Mr. Leon Guillen filed this habeas petition on September 25, 2026, arguing his continued detention violates due process without consideration for release on bond or access to a bond hearing. He argues a bond hearing held on September 21, 2026 was unreasonable because the evidence, as a matter of law, could not have supported the immigration judge's decision. Of course, the court would not have jurisdiction if this petition were merely that.

Mr. Leon Guillen does not attach the immigration judge's bond decision, but reports that he was denied bond because he is subject to mandatory detention and ineligible for bond. He says the immigration judge found that due to a controlled substance conviction for possession of cocaine, there was no jurisdiction to hear the bond motion. Mr. Leon Guillen admits that he was charged with possessing cocaine and operating a vehicle while intoxicated in 2025, and public records confirm that he pleaded guilty to the charges and was sentenced to 545 days' imprisonment. *See State v. Leon Guillen*, No. 91D01-2503-F6-000044 (White Super. Ct. decided Aug. 13, 2025) (available at mycase.in.gov). He received jail credit for one day, and the remaining 544 days were suspended.

Mr. Leon Guillen argues that his compliance with the conditions of probation on his state sentence establishes that he is not a flight risk or a danger to the community. He shares that he has been complying with his community service requirement and has completed 30 of the 40 hours assigned to him already. He says he successfully completed the Safe Choices Alcohol and Drug Education Program in October 2025.

Mr. Leon Guillen contends the immigration judge failed to reasonably or adequately conduct the bond hearing because he did not consider the evidence that he is not a flight

risk or a danger to the community. He asserts that he intends to appear at all future immigration proceedings and he is a person of good moral character who has developed strong family and community ties in the United States during his twelve years in the country. He asserts any concerns about his danger to the community or flight risk can be ameliorated with appropriate conditions on his release, such as ICE check-ins or a GPS ankle monitor.

Though all that may be true, the petition does not address the immigration judge's holding that Mr. Leon Guillen is subject to mandatory detention and that the judge is without jurisdiction to grant bond. Instead, the petition focuses on the evidence underlying the factors that must be shown to obtain a discretionary release. *See In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006) ("An alien in a custody determination under [8 U.S.C. § 1226(a)] must establish to the satisfaction of the Immigration Judge and this Board that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight."). That passes over 8 U.S.C. § 1226(c).

"The Attorney General shall take into custody any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title" or "is deportable by reason of having committed any offense covered in section 1227(a)(2)(B)." 8 U.S.C. §§ 1226(c)(1)(A), (B). Section 1182(a)(2), which applies if Mr. Leon Guillen was never formally admitted to the United States, and § 1227(a)(2)(B), which applies if Mr. Leon Guillen was formally admitted to the United States, both say a noncitizen is removable if he was convicted of any state law relating to a controlled substance as defined in section 802 of

Title 21.[1] 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1227(a)(2)(B)(i). Under 21 U.S.C. § 802, "'controlled substance' means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Schedule II, in turn, includes cocaine in its list of prohibited substances. 21 U.S.C. § 812. Therefore, Mr. Leon Guillen is subject to 8 U.S.C. § 1226(c), and thereby mandatory detention. Immigration judges lack jurisdiction to order release on bond when a noncitizen is subject to mandatory detention under § 1226(c). *See In re Adeniji*, 22 I. & N. Dec. 1102, 1106 n.1 (BIA 1999) (citing 8 C.F.R. § 3.19(h)(2)(i)(D)). Mr. Leon Guillen does not address this basis for his detention, so his arguments about risk of flight and dangerousness are moot.

Mr. Leon Guillen's petition does not allege a basis for relief, and he bears the burden to show that his detention is unlawful. *See* 28 U.S.C. § 2241; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Accordingly, the court DENIES the petition [1] under Section 2254 Habeas Corpus Rule 4 and DIRECTS the clerk to close this case.

SO ORDERED.

October 9, 2026

*s/ Damon R. Leichty*
Judge, United States District Court

[1] Section 1227(a)(2)(B) has an exception for a noncitizen convicted of a single offense involving possession for one's own use of 30 grams or less of marijuana. 8 U.S.C. § 1227(a)(2)(B)(i). That exception is inapplicable here.